## Wright's Application.

*J. Borton Weeks*, for petitioner.

MACDADE, J., October 31, 1930.—This is an application of Hervey B. Wright, of Springfield Township, to be licensed as a private detective.

His petition is in accordance with the Act of May 23, 1887, P. L. 173, section 2, with due proof of publication of the filing of same filed, and an acceptable bond presented for the faithful and legal performance of his duties as such private detective.

The petitioner himself was examined at bar, together with his witnesses, who testified that his reputation was good and that he was a proper person to be licensed as a private detective.

For the purpose of this application it will be assumed that this is true and that the applicant is qualified for the position he desires: Burnett's Application, 5 Dist. R. 3, 17 Pa. C. C. 394.

The act provides: "It shall and may be lawful for the court of quarter sessions, within which the principal office of any person or persons intending to conduct the business of a detective or detective agency shall be located, to issue a license to such person or persons applying therefor for the purposes specified in section one of this act, upon the payment of a fee of twenty-five dollars, for the use of such county, which license shall extend for the period of three years, and shall be revocable at all times by the court of quarter

sessions, or any judge thereof, upon cause shown; but no such license shall be granted until satisfactory proof of the competency and integrity of such person or persons shall have been made to the court by petition or otherwise, and until a bond shall have been entered, with approved security, in the sum of two thousand dollars, by such person or persons, conditioned for the faithful and legal performance of his or their duty, such bond shall be taken in the name of the Commonwealth; and any person injured or aggrieved by the illegal act of such person or persons may bring suit on said bond, in the name of the Commonwealth, to his or their use, leave of said court first being had or obtained for the bringing of such suit or suits: Provided, That such application for a license shall be filed in the office of the clerk of such court for the period of two weeks before the granting of such license, and public notice thereof shall be given by advertisement, once a week for two weeks, in a newspaper of general circulation in the county."

This act is directory merely, although there may be satisfactory proof of the competency and integrity of such applicant: Dickerson's Petition, 5 Lack. Jur. 292, 13 Dist. R. 32.

And the necessity for the appointment and the qualification of the applicant are within the discretion of the court: Dickerson's Petition, *supra*.

This act is not mandatory, but persuasive, and the court has discretionary power as to granting the license for which application is made: Shelly's Application, 25 Dauph. 219, 70 Pitts. L. J. 542, 1 D. & C. 552; Tressell's Application, 5 Wash. 21, 38 York 133, 17 Del. 27.

Indeed, a necessity for a license for a private detective must be shown before it will be granted: Bartolemeo's Application, 22 Dist. R. 502, 41 Pa. C. C. 252; Richey's Petition, 13 Dist. R. 400; Scholl's Petition, 6 D. & C. 603; Miraglia's Petition, 20 Schuyl. 325.

These cases decide it must be refused if no necessity is shown.

In any event, this application must be refused because the applicant stated in his examination at bar that he would maintain his principal office in Philadelphia, although he is a resident of Delaware County and makes his application for appointment as a private detective in the latter county. This would not be a compliance with the terms of the act in this respect, for it says: "It shall . . . be lawful for the court of quarter sessions, within which the principal office of any person or persons intending to conduct the business of a detective . . . shall be located, to issue a license. . . ." In Quatello's Detective License, 23 Schuyl. 61, 9 D. & C. 74, and Zavaglia's Application, 23 Schuyl. 374, it was held that this act requires a detective to obtain his license from the court of quarter sessions of the county where his principal office is located, and that necessity be shown on which the granting of the application must be based.

The application, therefore, must be refused because applicant's principal office is to be located in Philadelphia County.

The applicant did not furnish affirmative and convincing proof of experience and other qualifications, and proofs flagrantly deficient will also justify the court in refusing the application. Affirmative and convincing proof must be furnished that the applicant for license has proper qualifications: Fierro's Application, 12 Luz. L. R. 278; Roth's Case, 7 Leh. 342, 31 York 149.

In quite respectable quarters it seems accepted as commonplace that there are too many unfit and unworthy detectives. You will hear it said in the corridors of the courthouse, in lawyers' offices, and you will even find it pouring through the reports of our daily newspapers, until you fairly suppose that the statement that there are too many detectives has achieved the canoni-

zation of an axiom. This may sound like dogmatism, but you do not have to scrape bare-fingered beneath the statistics, for it is only too true from our observation, reflection and experience. Thus reasoning, we reach some intelligence in the attitude we are assuming judicially in the case at bar.

There is no clear necessity locally for it, in view of the testimony of the applicant that he desired to employ his talents in national governmental operations involving "unfair competition," presumably among manufacturers and other kindred spirits. As was well said by Brégy, J., in Burnett's Application, 5 Dist. R. 3: "I would not grant this petition unless I was satisfied that there was some emergency requiring it. The private detective has so much power for evil I feel such appointments should only be made in cases of clear necessity."

The court is not satisfied from the evidence that any real necessity for this appointment exists, and the application of Hervey B. Wright is, therefore, refused without prejudice.

From William R. Toal, Media, Pa.